**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANTHONY L. NAPIER,

        Petitioner,

vs.                                 Case No.    3:09-cv-89-J-32MCR
                                                            3:07-cr-10-J-32MCR

UNITED STATES OF AMERICA,

        Respondent.

## **ORDER**[1]

This case is before the Court on petitioner Anthony L. Napier's pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1) and the United States' Motion to Dismiss filed in response (Doc. 5).[2] The Court requested a supplemental response from the United States (Doc. 6), and the United States has complied (Doc. 7). Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the instant petition.

On May 24, 2007, pursuant to a written plea agreement, petitioner entered a

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Citations to Napier's criminal case file, 3:07-cr-10-J-32MCR, are denoted as "Crim. Doc. ___." Citations to Napier's civil § 2255 case file, 3:09-cv-89-J-32MCR, are denoted as "Doc. ___."

plea of guilty to the charge of felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1). (Crim. Doc. 28). The plea agreement contains a waiver of appeal provision that provides:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly <u>waives the right to appeal defendant's sentence or to challenge it collaterally on any ground</u>, including the ground that the court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Id. at 10-11) (emphasis added). On April 4, 2008, the Court sentenced petitioner to 46 months' imprisonment. (Crim. Doc. 40). He did not file a direct appeal, and has filed this timely § 2255 motion.

Petitioner argues that his counsel was constitutionally ineffective for failing to object during his sentencing hearing to the Presentence Investigation Report's ("PSR") recommendation of a four-level offense level increase for "serious bodily

2

injury" related to his felon-in-possession offense.[3]  The government posits that petitioner expressly waived the right to appeal his sentence either directly or collaterally, and thus the § 2255 motion should be dismissed.  (Doc. 8).

Title 28, United States Code, Section 2255, allows attack on a sentence on only four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentence was imposed without jurisdiction; (3) the sentence was imposed in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. Only jurisdictional claims, constitutional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice warrant relief on collateral attack.  United States v. Addonizio, 442 U.S. 178, 184-86 (1979).

---

[3]Petitioner was initially arrested on a state charge of attempted first degree murder after accidentally shooting his brother in a fight over a girl.  At the time of the shooting, petitioner was in possession of two firearms, after having been previously convicted in this Court of bank robbery.  The possession of the firearms caused both the revocation of petitioner's supervised release and the issuance of the indictment for the instant felon-in-possession offense.  Though the State of Florida ultimately dropped the attempted first degree murder charge, the PSR recommended a four-level enhancement because petitioner had committed a felony offense in connection with his possession of the firearm.  He argues that his sentence was erroneously enhanced because he was not actually charged or convicted of a separate "violent felony" which resulted in serious bodily injury in connection with his possession of the firearm. Despite this contention, the United States Sentencing Guidelines provide that such an enhancement is proper.  See USSG § 2K2.1(b)(6), 18 U.S.C.A. and Commentary to § 2K2.1, Note 14(C).

3

An appeal waiver in a plea agreement will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. United States v. Williams, 396 F.3d 1340, 1341 (11th Cir. 2005); United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997). A voluntary and knowing appeal waiver in a plea agreement precludes the defendant from collaterally attacking his conviction in a § 2255 motion. See Williams, 396 F.3d at 1342 (dismissing a § 2255 petition based on claims of ineffective assistance of counsel because the appeal waiver provision in a plea agreement specifically informed the defendant that he was waiving a collateral attack on his sentence).

Here, petitioner consented to having his guilty plea taken before United States Magistrate Judge Monte C. Richardson. (Doc. 7-1 at 5). During the plea colloquy, the Magistrate Judge informed petitioner that he was waiving the right to attack his sentence collaterally and petitioner said he had no questions and that he had entered into the appeal waiver voluntarily. (Id. at 17-18). Petitioner indicated that no one forced, threatened, or coerced him into waiving his right to appeal. (Id. at 18).

Petitioner's contentions fall squarely within this waiver. The Court concludes that petitioner knowingly and voluntarily agreed to the appeal waiver provision of his plea agreement, the appeal waiver is valid, applies to the instant § 2255 motion and

none of the enumerated exceptions in the waiver apply.[4]  Accordingly, it is hereby

**ORDERED**:

Anthony L. Napier's Motion to Vacate, Set Aside Sentence, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.  The Clerk shall enter judgment in favor of the United States and against Anthony L. Napier, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of February, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

jmm.
Copies:
counsel of record
pro se party

---

[4] The undersigned did not upwardly depart above the applicable guidelines range at sentencing, the imposed sentence is not above the statutory maximum and the sentence does not violate the law apart from the sentencing guidelines.